JOHN W. BOGGS, PLAINTIFF IN ERROR, V. JULIUS F. STANKY, DEFENDANT IN ERROR.

Replevin: CHATTEL MORTGAGE ON STOCK: INCREASE. In an action of replevin, commenced January 24, 1880, by J. F. S., against J. W. B., sheriff, the property replevied was described as "about seven hundred bushels of corn in the crib; one sorrel last spring's colt; twenty-six head of black and white spotted shoats, about ten months old; all being kept on a farm occupied by F. G. S., one mile south of Fort Calhoun, Washington county, Nebraska." Plaintiff claimed this property by virtue of a chattel mortgage executed by F. G. S. to him April 28, 1879, in which the property was described as "one bay mare eleven years old, named Tony; one gray horse, about nine years old, named Pet; one sorrel mare, four years old, named Bet; fifty head of hogs, from six weeks to two years old; all of said property being owned and kept by me on my farm, near Fort Calhoun, in Washington county, Nebraska; also all grain growing or in the bin or crib on my said farm." Evidence was introduced that one of said mares was in foal at the date of the mortgage, and dropped the colt replevied sometime afterwards; also that some of the shoats replevied were pigged in the month of May, some in June, and some later. Verdict and judgment for the plaintiff as to all the property replevied. On error, *Held*, That as to the colt and shoats, the verdict was not sustained by the evidence. Reversed and remanded.

ERROR to the district court for Washington county. Tried below before SAVAGE, J.

*Jesse T. Davis*, for plaintiff in error, cited: Jones on Chattel Mortgages, sec. 150. *Winters v. Lamphere*, 42 Iowa, 470. 7 Northwestern Reporter, 649. *Gardner v.*

*Cockrill,* 1 Kansas, 259.   *Bullock v. Williams,* 16 Pick., 33.   *Montgomery v. Wright,* 8 Mich., 143.   *Savings Bank v. Sargent,* 20 Kan., 580.

*L. W. Osborn,* for defendant in error, cited: *Forman v. Proctor,* 9 B. Monroe, 124.   *Evans v. Merriken,* 8 Gill & J., 39.   *McCarty v. Blevins,* 5 Yerg., 195.   *Fonville v. Casey,* 1 Murph., 389.   *Hughes v. Grover,* 1 Litt. (Ky.), 317.

COBB, J.

The property replevied is described in the petition as follows: "About seven hundred bushels of corn in the crib, one sorrel last spring's colt, twenty-six head of black and white spotted shoats about ten months old, all of said chattels being kept on the farm occupied by Frederick G. Stankey, one mile south of Fort Calhoun, Washington county, Nebraska."

The chattel mortgage was executed April 28th, 1879, the property being described as follows: "One bay mare eleven years old, named Tony; one grey horse about nine years old, named Pet; one sorrel mare four years old, named Bet; * * fifty head of hogs from six weeks to two years old, * * all of said property being owned and kept by me on my farm near Fort Calhoun, in Washington county, Nebraska."

The action was commenced and property replevied January 24, 1880.

On the trial the chattel mortgage was offered in evidence by the plaintiff below, after the testimony was all in and the argument to the jury commenced.

The parol testimony of the plaintiff's own witnesses, including the mortgagor, clearly establishes the following facts: 1. That at the time of the giving of the chattel mortgage the "sorrel last spring's colt" had not been foaled. 2. That at that date but few, if any, of the

26

"twenty-six head of black and white spotted pigs" had been pigged.   3. That at said date but a part, if any, of the seven hundred bushels of corn had been planted.

The court charged the jury, among other things, that "The mortgage does not cover corn planted after the 28th day of April, 1879 (the date of the mortgage) nor animals not specifically described in such mortgage."

Applying the instruction to the evidence, then, the jury were in effect instructed to find for the defendant, so far as the shoats and colt were concerned; and this instruction having been disregarded by the jury, their verdict should have been set aside and a new trial awarded.

Whether title to a crop of corn passes by virtue of a mortgage executed before the corn was planted is a question upon which there is great conflict and confusion of authority.   For the purpose of this case it will be assumed that the charge of the district court, to which no exception was taken, was correct.   And as there was, according to the evidence, a part of the corn planted before the execution of the mortgage, there was no error in allowing the mortgage to go to the jury with the instruction above quoted.

There was no description or attempted description in the mortgage of the colt replevied.   The question whether the colt to be dropped by a mare in foal is the subject of a mortgage, is not involved in this case, as the only animals of the horse kind mentioned in the mortgage are the horse about nine years old and the two mares, aged respectively eleven and four years; and there is nothing in the pleadings or testimony as to which one of the said mares is the mother of the colt.   Certainly there was no expressed intent on the part of the mortgagor to give a lien on the produce of said mares, or either of them.

The fifty head of hogs were described in the mortgage executed April 28, 1879, as being from six weeks to two years old.   This is a rather wide margin, but not wide

enough to embrace the shoats described in the petition of the plaintiff below. They are described on the 24th day of January, 1880, as being "about ten months old." If there were other points of description or identity, this discrepancy would probably not be controlling; but there are none. Again, the mortgagor, when on the stand as a witness for the plaintiff, testified on his cross-examination as follows:

Q. Is it not a fact that those twenty-odd head of pigs and shoats that we levied on at that time were all pigged after the first of May, 1879?

A. Some were in May, some in June, and some later; they were pigged all the way through.

There was no testimony in conflict with this; no other witness knew the ages of the hogs. It will thus be seen that there is an entire failure to identify the shoats replevied with the hogs mentioned in the mortgage.

The verdict not being sustained by the evidence, and being made in disregard of the instructions of the court, should have been set aside and a new trial awarded.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.